UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                 :
EMI MILLS MUSIC, INC., CAROLYN ALTOBELLO,          Civil Action
ROBERT KOEHLER, TED KOEHLER, JR. AND FRED  :        No.
AHLERT, JR., CO-PARTNERS, D/B/A TED
KOEHLER MUSIC, SAMUEL ARDEN COMPANY        :
D/B/A S.A. MUSIC COMPANY, CHAPPELL & CO.,
INC. AND RAY VAUGHN MUSIC, INC.,                   :

                                    Plaintiffs,    :    **COMPLAINT**

        -against-                                  :

D.E.A., INC.,                                      :

                                    Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

        Plaintiffs, complaining of the Defendant, by Holland & Knight, LLP their

attorneys, allege:

        1.      This is a suit for copyright infringement under Title 17, U.S.C.

Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

        2.      Plaintiffs allege five (5) causes of action for copyright infringement

based on the Defendant's public performances of copyrighted musical compositions.

SCHEDULE A annexed to the Complaint sets forth in summary form the allegations

hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and

Defendant's acts of infringement.

3.    Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4.    Defendant D.E.A., Inc. is a Massachusetts corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Harry's Blues Bar, located at 700 Main Street, in Hyannis, in the State of Massachusetts.

5.    Musical compositions were and are publicly performed at said place of business.

6.    The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

7.    The compositions named in causes of action 1 through 3 and 5 were published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

8.    The composition named in cause of action 4 was registered as an un-published composition on the date stated in Column 5.

9.    The Plaintiffs named in each cause of action, including their pre-decessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

2

10.   The compositions for which there are entries in Columns 7 and 8 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights.  The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7.  The dates and identification numbers of such certificates are set forth in Column 8.

11.   Defendant on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendant's premises, for the entertainment and amusement of the patrons attending said premises, and Defendant threatens to continue such infringing performances.

12.   The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on Defendant's premises were unauthorized: neither Defendant, nor any of the Defendant's agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

13.   In undertaking the conduct complained of in this action, Defendant knowingly and intentionally violated Plaintiffs' rights.  Defendant's knowledge and intent are established by the following facts:

(a)  Defendant has not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

3

(b)  Despite numerous letters and other contacts by ASCAP representatives informing the Defendant of their liability under the United States Copyright Law, Defendant has continued to perform copyrighted music without permission during the hours that Defendant's establishment is open to the public for business and presenting musical entertainment.

(c)  The many unauthorized performances at Harry's Blues Bar include the performances of the five copyrighted musical compositions upon which this action is based.

14.  At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

15.  The said wrongful acts of the Defendant have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendant from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendant and all persons acting under the direction, control, permission or authority of Defendant be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendant's said premises, or in any place

4

owned, controlled or conducted by Defendant, and from aiding or abetting the public per-
formance of such compositions in any such place or otherwise.

II.  That Defendant be decreed to pay such statutory damages as to the Court
shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty
Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each
cause of action herein.

III.  That Defendant be decreed to pay the costs of this action and that a
reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

By their attorneys,

Holland & Knight, LLP

By:  ___/s/ Stephen S. Young_____
     Stephen S. Young (BBO #538040)
     10 St. James Avenue
     Boston, MA  02116
     (617) 523-2700

Dated: ___April 23,_____, 2009

5